## UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

5:22-mj-00553

**Name of Offender:** Michael Anthony Felix (Spanish)     **Dkt. No.:** 19CR03698-002-LAB

**Reg. No.:** 88588-298

**Name of Sentencing Judicial Officer:** The Honorable Larry A. Burns, U.S. District Judge

**Original Offense:** 8 U.S.C. §§ 1324(a)(1)(A)(ii), (v)(II), Transportation of Certain Aliens and Aiding and Abetting, a Class C felony.

**Date of Sentence:** February 6, 2020

**Sentence:** 12 months' custody; three years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** August 20, 2020

**Asst. U.S. Atty.:** Eric R. Olah     **Defense Counsel:** Benjamin B. Kington
(Appointed)
619-232-3320

**Prior Violation History:** None.

---

### PETITIONING THE COURT
### TO ISSUE A NO-BAIL BENCH WARRANT

Name of Offender: Michael Anthony Felix  
Docket No.: 19CR03698-002-LAB

August 8, 2022  
Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. | 1. On or about July 11, 2022, Mr. Felix possessed a controlled substance, methamphetamine, in violation of California Health and Safety Code § 11377(a), a misdemeanor, as evidenced by the Hemet Police Department Crime/Incident Report No. 2022-04702.<br><br>2. On or about July 11, 2022, Mr. Felix drove on a suspended license, in violation of California Vehicle Code § 14601.1(a), a misdemeanor, as evidenced by the Hemet Police Department Crime/Incident Report No. 2022-04702. |

***Grounds for Revocation:*** As to Allegations 1 and 2, I have received and reviewed Hemet Police Department Crime/Incident Report No. 2022-04702, which details the following: On or about July 11, 2022, a HPD officer initiated a traffic stop on a Chevrolet pickup truck for a possible driving under the influence (DUI) investigation. Officers contacted the driver, later identified as the offender, who claimed he did not have his driver's license on him and only had his identification card.

Subsequently, an automated record check revealed the offender's driver's license was suspended for a violation of "excessive blood alcohol level." When questioned in reference to a probation or parole status, the offender admitted he was on federal probation, but did not advise officers as to what for. As such, the offender was subsequently detained. Based on the offender driving on a suspended license and the absence of proof of insurance, HPD officers informed the offender his vehicle would be towed.

Searching the offender's vehicle, officers located a half-full bottle of Hennessey and a medicine bottle with a faded Walgreens label addressed to "Michael." Officers subsequently located a white crystal-like substance inside the bottle, which officers believed was consistent with methamphetamine. Soon after, the offender was placed under arrest for violations of California Health and Safety Code § 11377(a), Possession of a Controlled Substance, a misdemeanor, and California Vehicle Code § 14601.1(a), Driving on a Suspended License, a misdemeanor.

While at HPD jail, the offender became verbally uncooperative, requiring the assistance of multiple officers to book him into jail. Once booked, a HPD officer attempted to speak with the offender about the previous incident; however, the offender wished to remain silent. The HPD officer subsequently tested the white crystal-like substance, which presumptively tested positive for methamphetamine.

Furthermore, this matter is pending adjudication and the offender remains in the community. On August 5, 2022, the undersigned learned the Riverside (California) District Attorney's Office filed a complaint on August 4, 2022. However, at the time of this writing, an active case number is not available. As such, the Southern District of California Probation Office will continue to monitor Court updates pertaining to this matter.

**(Special Condition)**  
Abstain from the use of alcohol.

3. On or about July 4, 2022, Mr. Felix consumed alcohol, as evidenced by his admission to the probation officer on July 12, 2022.

***Grounds for Revocation:*** As to Allegation 3, I have received and reviewed correspondence from the supervising probation officer in the Central District of California, reporting that on July 12, 2022, Mr. Felix verbally admitted to his probation officer to consuming alcohol on or about July 4, 2022.

Name of Offender: Michael Anthony Felix  
Docket No.: 19CR03698-002-LAB

August 8, 2022  
Page 4

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Felix commenced supervision in the Central District of California in August of 2020. To his credit, Mr. Felix appeared to be in compliance with his terms and conditions of supervised release up to July 11, 2022, when he committed a new crime, as alleged herein.

On July 12, 2022, Mr. Felix verbally admitted to his probation officer to consuming alcohol on or about July 4, 2022. It should be noted that a special condition of Mr. Felix's supervised release requires that he abstain from the use of alcohol. Moreover, Mr. Felix further stated he believed he was to abstain from alcohol use while participating in the drug aftercare program. As a result of the above non-compliance, the offender will be subject to random drugs and alcohol testing, namely through the use of breathalyzers. In view of the above, Mr. Felix's adjustment to his term of supervised release is deemed poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Felix presently resides in the Central District of California.

In 2004, Mr. Felix was arrested by Los Angeles County Sheriff's Department (LASD) for multiple vehicle code violations and given a sentence of three years' probation through the Los Angeles (California) County Superior Court. Additionally, in 2019, Mr. Felix was arrested by Fontana Police Department (FPD) for Driving Under the Influence, and subsequently received three years' probation through the San Bernardino (California) County Superior Court.

In relation to substance abuse, Mr. Felix reported that he drank heavily for more than one year prior to his underlying arrest in August of 2019.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (possession of a controlled substance, driving on a suspended license, and failure to abstain from the use of alcohol) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category II (determined at the time of sentencing) establishes an **imprisonment range of 4 to 10 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a

sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>36 months'</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

In light of Mr. Felix's inability to follow directives of the Court and inability to abstain from engaging in criminal behavior, Mr. Felix is deemed a danger to the community. Therefore, a bench warrant is requested at this time to gain his appearance before the Court.

## RECOMMENDATION/JUSTIFICATION

Mr. Felix's criminal conduct alleged herein amounts to not only a violation of his conditions of supervised release, but also poses a concern to community. Moreover, Mr. Felix's blatant disregard for the directives of the Court is indicative of someone who has no desire to abide by instructions, that of the Court or the probation officer, and this does not bode well for future supervision compliance. Consequently, it is believed a custodial sanction is appropriate to hold the Mr. Felix accountable for his actions, reinforce the importance of abiding by the Court's order, for the breach of the Court's trust, and to deter further acts of noncompliance. Should the violations of supervised release alleged herein be sustained, probation respectfully recommends revocation of supervised release. Based on the totality of the violation conduct, a custodial sentence of four months' custody is recommended, commensurate with his violation conduct. It is recommended this custodial sentence be followed by 30 months' supervised release, with the same terms and conditions previously ordered.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: <u>August 8, 2022</u>

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by _[signature]_
Rustin Brown
U.S. Probation Officer Assistant
(619) 557-6726

Reviewed and approved:

_[signature]_
Marc W. Ryan
Supervisory U.S. Probation Officer

August 8, 2022

## VIOLATION SENTENCING SUMMARY

1. **Defendant:** Felix, Michael Anthony

2. **Docket No. (Year-Sequence-Defendant No.):** 19CR03698-002-LAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Possession of a Controlled Substance | C |
| Driving on a Suspended License | C |
| Failure to abstain from alcohol | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))        [  C  ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))        [  II  ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))        [  4 to 10 months  ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

Restitution ($) _____    Community Confinement _____

Fine($) _____    Home Detention _____

Other _____    Intermittent Confinement _____

Name of Offender: Michael Anthony Felix  
Docket No.: 19CR03698-002-LAB

August 8, 2022  
Page 7

**THE COURT ORDERS:**

__X__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

*/s/ Larry A. Burns*  
The Honorable Larry A. Burns  
U.S. District Judge

8/8/2022  
Date

PAT